SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 25 2017
ARTHUR JOHNSTON
BY ________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LADARIUS BROWN** **PLAINTIFF**

**V.** **CAUSE NO.:** 3:17-cv-625 LG-RHW

**CITY OF JACKSON, CHIEF LEE VANCE, IN HIS OFFICIAL CAPACITY, OFFICER JUSTIN ROBERTS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and OFFICERS JOHN DOE 1-2, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES** **DEFENDANTS**

**COMPLAINT**

COMES NOW, Ladarius Brown, and files this, his Complaint against the Defendants, City of Jackson, Chief Lee Vance, In His Official Capacity, Officer Justin Roberts, In His Individual and Official Capacity, and Officers John Doe 1-2, In Their Individual and Official Capacities (hereinafter "Defendant City," "Defendant Chief," "Defendant Roberts," "Defendant Does," or collectively "Defendants"), and alleges the following:

<u>PARTIES</u>

1. Plaintiff is an adult resident citizen of Mississippi, residing at 3227 Longwood Drive, Jackson, Mississippi 39201.
2. Defendant City is a city entity that may be served with process by service on Kristi Moore, City Clerk, 219 S. President Street, Jackson, Mississippi 39201.
3. Defendant Chief, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and he may be served with process at 219 S. President Street, Jackson, Mississippi 39201.

4. Defendant Roberts, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and he may be served with process at 219 S. President Street, Jackson, Mississippi 39201.

5. Defendant Does, employed with the City of Jackson, MS, are adult resident citizens of Hinds County, Mississippi, and they may be served with process at 219 S. President Street, Jackson, Mississippi 39201.

## JURISDICTION

6. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

7. Jurisdiction of this court also arises under 28 U.S.C. §1331, 1343(a), 42 U.S.C. §1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

8. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Hinds County, Mississippi and involves a constitutional question.

9. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. Proc 18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## VENUE

10. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Hinds County, Mississippi.

## UNDERLYING FACTS

11. On or about February 11, 2017, Plaintiff was using a friend's vehicle to get to work. Upon Plaintiff's arrival at his job, he parked the vehicle and sat back in the vehicle.

12. While Plaintiff sat in the car, a repo-man approached the vehicle and attempted to hook the vehicle up to the tow truck.

13. The repo-man called 911 requesting assistance, specifically his friend who was employed with the Jackson Police Department.

14. As Plaintiff spoke on the phone, he noticed Defendant Roberts approaching the scene and ended the call.

15. Plaintiff was pushed away from the vehicle, and the repo-man obtained possession of the car.

16. As a result, Plaintiff was arrested and charged with disorderly conduct and resisting arrest. While Plaintiff was being detained with the handcuffs, Defendant Roberts pulled Plaintiff's hair, placed him in a chokehold, punched him, and kneed him repeatedly causing Plaintiff to sustain injuries.

17. Plaintiff begged Defendant Roberts to stop assaulting him, but Defendant ignored Plaintiff's noticeable pain and continued to strike him.

18. Based upon information and belief, Defendant Roberts was an employee of Defendant City, at the time of the subject incident.

19. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT OF A SIMILAR CHARACTER, KIND OR NATURE

20. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

21. The Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the Circuit Court of Hinds County, Mississippi, First Judicial District.

**COUNT TWO**
**VIOLATIONS OF 42 U.S.C. 1983: ARREST**

22. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

23. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §§1983, 1985, 1986, 1988.

24. Acting under color of law, Defendants worked to deny Plaintiff's rights, privileges, or immunities secured by the United States Constitution or by Federal Law in the following manner:

    a. By depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will;

    b. By making an unreasonable search and seizure of his property without due process of law;

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws;

d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**COUNT THREE**
**VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT**

25. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

26. As a result of Defendants' unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth amendments of the Constitution of the United States and of 42 U.S.C. §1983.

**COUNT FOUR**
**VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT**

27. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

28. At all times relevant to this Complaint, John Doe Defendants and Defendant Roberts were acting under the direction and control of Defendant Vance and Defendant City.

29. Acting under color of law and pursuant to official policy or custom, Defendant City and Vance knowingly or recklessly or with gross negligence failed to instruct,

supervise, control, and discipline on a continuing basis Defendant Roberts and Does in their duties to refrain from:

a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

b. Unlawfully and maliciously arresting and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

c. Conspiring to violate the rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities

30. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

31. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Vance and officers heretofore described.

32. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in the paragraphs above, Plaintiff suffered severe physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

**COUNT FIVE**
**NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.**

33. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

34. The Defendants, City of Jackson and Chief Lee Vance, were grossly negligent and/or acted in reckless disregard in failing to monitor the actions of Defendant Roberts. They further grossly negligently and/or acted in reckless disregard in failing to train the aforementioned Defendant Roberts to properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated individuals. Defendants grossly negligently and/or acted in reckless disregard in failing properly follow and/or apply their own city and law enforcement rules ordinances regulations, policies and procedures, as well as state law generally. The City of Jackson, Mississippi and Chief Lee Vance acted in reckless disregard in failing to properly supervise the actions of Defendant Roberts. Defendant City of Jackson acted in reckless disregard in failing to properly supervise the actions of Defendant Vance.

35. As a direct and proximate result of the Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SIX
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

37. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

38. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

39. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SEVEN
## CIVIL ASSAULT AND BATTERY

40. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

41. The Defendants are liable for civil assault and battery. The Plaintiff alleges that the Defendant Roberts intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his minds, spirits, and bodies by forcefully pulling his hair, choking, scratching, punching, and kneeing him while he was in handcuffs. Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

42. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

43. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT EIGHT**
**BYSTANDERS' LIABILITY**

44. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

45. The Defendant Does were liable when they idly stood by and witnessed Defendant Roberts intentionally and negligently inflict extreme emotional distress upon Plaintiff's mind, spirit, and body by forcefully pulling his hair, choking, scratching, punching, and kneeing Plaintiff while he was in handcuffs.

46. As a direct and proximate result of aforementioned Defendants' negligence, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT NINE**
**EXCESSIVE FORCE**

47. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

48. Plaintiff would show unto the Court the Defendants took actions to deprive Plaintiff of his 4th Amendment protection against excessive force.

**COUNT TEN**
**RECKLESS DISREGARD**

49. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

50. Plaintiff would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiff.

**COUNT ELEVEN**
**VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.**

51. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

52. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

53. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

**PRAYER FOR APPROPRIATE RELIEF**

54. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

55. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

56. All Defendants are jointly and severally liable to the Plaintiff for the damages: injuries to his left hand, left leg, neck, back, recurring headaches, past, present and future pain, suffering and mental and emotional anguish, lost wages, and all other damages to be proved at trial.

57. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent act/or intentional acts enumerated herein an amount to be determined by this Court.

58. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $1,000,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any

recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

This, the ~~21~~ 24th day of ~~May~~ July 2017.

**LADARIUS BROWN, PLAINTIFF**

By: Carlos E. Moore

Carlos E. Moore, MSB# 100685
Michael S. Carr, MSB# 102138

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
**ATTORNEYS & COUNSELORS AT LAW**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

**CARR & CALDERÓN, PLLC**
303 Cotton Row
P.O. Box 1818
Cleveland, MS, 38732
Phone: (662) 545-4445
Fax: 1 (662) 796-3689
Email: mcarr@carrcalderon.com