IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LADARIUS BROWN**                                     **PLAINTIFF**

v.                              CAUSE NO. 3:17CV625-LG-RHW

**CITY OF JACKSON, CHIEF LEE
VANCE, in his official capacity;
OFFICER JUSTIN ROBERTS, in
his individual and official
capacity; and JOHN DOE 1-2,
Officers, in their individual and
official capacities**                             **DEFENDANTS**

### ORDER CONCERNING MOTION FOR DEFAULT JUDGMENT, MOTION TO SET ASIDE DEFAULT JUDGMENT, MOTION TO DISMISS, AND MOTION TO STRIKE AFFIDAVIT

**BEFORE THE COURT** are the [16] Motion for Default Judgment and [20] Motion to Strike Affidavit filed by the plaintiff Ladarius Brown, the [17] Motion to Set Aside Default filed by the City of Jackson[1], and the [18] Motion to Dismiss filed by Justin Roberts. No response was filed to the Motion for Default Judgment, the Motion to Set Aside Default, or the Motion to Strike Affidavit. Brown filed a response in opposition to the Motion to Dismiss, but Roberts did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Strike Affidavit should be denied. The Motion to Set Aside Default, the Motion for Default Judgment, and the Motion

---

[1] The City of Jackson is improperly filing pleadings on behalf of the officers sued in their official capacities. In the future, the City of Jackson is instructed to list each filing party separately when filing a pleading.

to Dismiss are taken under advisement so that the Court can conduct an evidentiary hearing regarding whether Roberts was served with process.

## BACKGROUND

Brown filed this lawsuit against the City of Jackson, Chief Lee Vance in his official capacity, and Officer Justin Roberts in his individual and official capacities, alleging that he was arrested, detained, and confined in violation of 41 U.S.C. § 1983. He also filed related state law claims. The original complaint was filed on July 25, 2017, and an amended complaint was filed on July 26, 2017. On August 31, 2017, the City of Jackson, Mississippi, filed an Answer containing the following footnote: "The City of Jackson includes [sic] municipality of Jackson, Mississippi, Lee Vance in his official capacity, Justin Roberts in his official capacity[,] and Officers John Doe 1-2 in their official capacity." (Answer at 1 n.1, ECF No. 6). Brown filed a Summons Returned Executed, reflecting that Roberts had been served with process on October 2, 2017. Brown filed a Motion for Clerk's Entry of Default as to Roberts on October 25, 2017. The Motion was granted because the City of Jackson failed to properly list Roberts as one of the parties who filed the [6] Answer. Brown then filed the present Motion for Default Judgment as to Roberts. The City of Jackson filed a Motion to Set Aside the Clerk's Entry of Default, asserting that its Answer was also filed on behalf of Roberts in his official capacity as a result of the footnote referencing him.

Roberts filed a Motion to Dismiss for Insufficient Service of Process and Insufficient Process supported by an affidavit signed by his attorney Francis

Springer. Mr. Springer testified that, upon learning that a process server working for plaintiff's counsel was looking for Roberts, Mr. Springer arranged for the process server to serve Roberts in the lobby of his law office on October 2, 2017, at 3:30 p.m. Mr. Springer further testified that he was present when Roberts was served and he "witnessed the services [sic] and the process server only served Justin Roberts with a summons and complaint of a civil case filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi." (Aff., ECF No. 18-2). Mr. Springer asserts that no other summons or complaint were served on Roberts during the October 2nd meeting. (*Id.*) Thus, Roberts asserts that he was never served with a copy of the summons and complaint in this lawsuit. Brown's process server claims that both the state court summons and complaint and the summons and complaint in the present lawsuit were served at the October 2, 2017 meeting in the lobby of Mr. Springer's law office. Brown has filed a Motion to Strike Mr. Springer's Affidavit.

## DISCUSSION

### I. MOTION TO STRIKE AFFIDAVIT

Brown claims that Mr. Springer's testimony contains hearsay. The Federal Rules of Evidence define "hearsay" as a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Mr. Springer testified that he was present when Roberts was served with process, that he witnessed the service of process, and that the only summons and complaint served at that time was a state court complaint. Therefore, his testimony

concerning the pertinent issue of whether Roberts was served with the summons and complaint is not hearsay. Although it is perplexing that Roberts did not file a response in opposition to the Motion to Strike Mr. Springer's Affidavit, Brown has not demonstrated that the affidavit should be stricken.[2]

## II. MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND INSUFFICIENT PROCESS

A defendant may file a motion to dismiss a complaint for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4) and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). "The general rule is that 'a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). In this case, the Court is faced with competing affidavits from a process server and an attorney who witnessed the purported service of process. The Court finds that it must conduct an evidentiary hearing concerning whether Roberts was served with process in this lawsuit.

## III. MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE MOTION FOR DEFAULT JUDGMENT

The Court must address the issue of whether Roberts was served with process before it can address the question of whether Brown is entitled to a default

---

[2] The Court is aware that Mr. Springer also testified that Brown's process server(s) had been harassing Roberts, and it is unclear whether this testimony is hearsay. The Court has not considered the testimony concerning alleged harassment as that testimony is not relevant to the issue of whether Roberts was served with process in this lawsuit.

judgment against Roberts.  Therefore, the Court will take the Motion for Default Judgment and the Motion to Set Aside the Motion for Default Judgment under advisement.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [20] Motion to Strike Affidavit filed by the plaintiff Ladarius Brown is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [16] Motion for Default Judgment filed by the plaintiff Ladarius Brown, the [17] Motion to Set Aside Default filed by the City of Jackson, and the [18] Motion to Dismiss filed by Justin Roberts are **TAKEN UNDER ADVISEMENT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Court will conduct an evidentiary hearing concerning the [18] Motion to Dismiss filed by Justin Roberts on January 16, 2018, at 9:00 a.m. in Courtroom 6C, United States Courthouse, 501 E. Court Street, Jackson, Mississippi.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge